# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CHAMEL NICOLE ANDERSON, ID # 1811941,<br>  Petitioner,<br>vs.<br>DEBBIE IRWIN,<br>  Respondent. | No. 3:17-CV-310-D (BH)<br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation. Before the Court is the petitioner's *Application for Certificate of Appealability*, received on June 20, 2017 (doc. 25). Based on the relevant filings and applicable law, the application for a certificate of appealability should be **DENIED**.

On February 2, 2017, the petitioner filed a habeas petition under 28 U.S.C. § 2254 challenging her state conviction for aggravated assault with a deadly weapon. (Doc. 2.) On May 25, 2017, the respondent filed an answer. (Doc. 17 at 12-15.) On June 20, 2017, the petitioner filed a reply. (Doc. 22.) She also filed a notice of appeal and the application for a certificate of appealability (COA). (Docs. 24, 25.) She states she is appealing the final judgment denying her § 2254 habeas petition.

The petitioner is not entitled to a COA because a final order or judgment has not yet been entered in this case, and her appeal is interlocutory. *See* 28 U.S.C. § 2253 (a COA is necessary to appeal from a final order in a § 2254 case); *Woods v. Dretke*, 144 F. App'x 410, (5th Cir. 2005) (a COA is not necessary for an interlocutory appeal).

The petitioner's application for a certificate of appealability should be **DENIED**.

SO RECOMMENDED this 21st day of June, 2017.

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE