# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| CHAMEL NICOLE ANDERSON, ID # 1811941, Petitioner, | ) ) ) |
| vs. | ) No. 3:17-CV-310-D (BH) ) |
| DEBBIE IRWIN, Respondent. | ) Referred to U.S. Magistrate Judge ) ) |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order No. 3-251*, this habeas case has been automatically referred for findings and recommendation. Before the Court is the petitioner's *Petition Motion for Stay*, received on June 20, 2017 (doc. 21). Based on the relevant filings and applicable law, the motion to stay should be **DENIED**.

## I. BACKGROUND

On February 2, 2017, the petitioner filed a habeas petition under 28 U.S.C. § 2254 challenging her state conviction for aggravated assault with a deadly weapon. (Doc. 2.) On May 25, 2017, the respondent filed an answer and argued that some of the claims are unexhausted. (Doc. 17 at 12-15.) On June 20, 2017, the petitioner filed a reply and moved to stay this action so that she may return to state court to exhaust those claims. (*See* doc. 21, 22.)

## II. STAY

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). In Texas,

a prisoner must present a claim to the Texas Court of Criminal Appeals in a PDR or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

Where a federal petition for writ of habeas corpus contains unexhausted grounds for relief, federal courts have the discretion to either stay and abate or dismiss the federal action. *See Brewer v. Johnson*, 139 F.3d 491, 493 (5th Cir. 1998). A stay and abeyance should be granted only in limited circumstances when there is good cause for the failure to exhaust, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005).

The petitioner has not met the *Rhines* standard. She has not explained or shown good cause for her failure to previously raise any unexhausted claims in state court before filing her § 2254 petition. Nor has she alleged or shown that her unexhausted claims are meritorious.

### III. RECOMMENDATION

The petitioner's motion to stay (doc. 21) should be **DENIED**.

**SO RECOMMENDED** this 22nd day of June, 2017.

 _____
 IRMA CARRILLO RAMIREZ
 UNITED STATES MAGISTRATE JUDGE

2

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                                                _____
                                                                                                                IRMA CARRILLO RAMIREZ
                                                                                     UNITED STATES MAGISTRATE JUDGE