IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHAMEL NICOLE ANDERSON,  )<br>ID # 1811941,                              )<br>　　　Petitioner,              )<br>vs.                                          )<br>                                                 )<br>DEBBIE IRWIN,                       )<br>　　　Respondent.            ) | <br><br><br>No. 3:17-CV-310-D (BH)<br><br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be **DENIED**.

## I.  BACKGROUND

Chamel Nicole Anderson (Petitioner) was an inmate in the Lane Murray Unit of the Texas Department of Criminal Justice (TDCJ) when she filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging her conviction for aggravated assault.  The respondent is Debbie Erwin, Warden of the Lane Murray Unit (Respondent).

**A.**　**State Court Proceedings**

The State indicted Petitioner for aggravated assault on August 12, 2009, in Cause No. F09-56401 in the 291st Judicial District Court of Dallas County, Texas.  (*See* doc. 15-1 at 10.)  She pleaded guilty and was sentenced to five years of deferred adjudication community supervision on November 18, 2009.  (*See id*. at 19.)  She did not appeal.  *See* www.txcourts.gov (search for petitioner).  The State moved to revoke her community supervision, she pleaded true under a plea agreement, and she was sentenced to 10 years' imprisonment on August 30, 2012.  (*See id*. at 32, 51, 53.)  The judgment was affirmed on appeal.  *See Anderson v. State*, No. 05-12-01341-CR, 2013

WL 6229542 (Tex. App. – Dallas Dec. 2, 2013). She did not file a petition for discretionary review. *See* www.txcourts.gov (search for petitioner).

Petitioner filed a state habeas application that was signed on April 22, 2014, but received by the state court on June 6, 2014. (*See* doc. 15-22 at 6, 22.) October 19, 2016, it was denied without order. (*See* doc. 15-6); *see Ex parte Anderson*, WR-82,572-01 (Tex. Crim. App. Oct. 19, 2016).

**B.**     **Substantive Claims**

Petitioner's habeas petition, received on February 2, 2017, raises the following grounds:

(1) The evidence was insufficient and the court lacked jurisdiction, because:

    (a) aggravated assault was not a lesser included offense of the offense charged in the indictment;

    (b) there was no deadly weapon finding; and

    (c) the indictment did not allege that there was a serious bodily injury.

(2) Revocation counsel was ineffective for failing to:

    (a) investigate the charges;

    (b) file a motion for an adjudication hearing instead of a revocation hearing;

    (c) inform Petitioner about the plea agreement;

    (d) file a motion to quash the indictment;

    (e) ask the court to rescind the deadly weapon finding; and

    (f) ask for a modification of community supervision in lieu of a revocation.

(3)     Trial counsel was ineffective for failing to:

    (a) file a motion to quash the indictment;

    (b) investigate;

    (c) inform Petitioner that she would be sentenced beyond the term of community

      supervision; and

      (d) object to evidence.

  (4) The state habeas proceeding was erroneous because:

      (a) trial counsel filed a misleading affidavit; and

      (b) the state habeas judge was biased.

(See doc. 3 at 6-7, 11-22.) Respondent filed a response on May 25, 2017. (doc. 17.) Petitioner filed a reply on June 20, 2017. (doc. 22.)

## II. APPLICABLE LAW

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed the petition after its effective date, the Act applies.

Title I of AEDPA substantially changed the way federal courts handle habeas corpus actions. Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000).

3

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams*, 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

**A.     2009 Community Supervision**

Respondent asserts that Petitioner's claims of ineffective assistance of trial counsel relating to the 2009 guilty plea proceeding and sentence of deferred adjudication community supervision (claims (1) and (3)) are barred by the statute of limitations.[1]

**1.     *Calculation of One-Year Period***

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created

---

[1] Respondent also asserts that some of the claims regarding the 2009 proceeding are unexhausted.  "[N]otwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," a habeas petition may be "denied on the merits."  28 U.S.C. § 2254(b)(2); *see also Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998) (reaffirming pre-AEDPA law that "when, as in this case, exhaustion is not waived, courts have the 'discretion in each case [under § 2254(b)(2)] to decide whether the administration of justice would be better served by insisting on exhausting or by reaching the merits of the petition forthwith'").  The phrase "on the merits" in the context of § 2254(b)(2) includes a decision under the statute of limitations.  *See Beane v. Quarterman*, No. 3:09-CV-940-O, 2009 WL 2252060 at *3 n.2 (N.D. Tex. July 27, 2009) (court may deny habeas petition on the merits as barred by the statute of limitations despite a lack of exhaustion); *see also Scott v. Johnson*, 227 F.3d 260, 262-63 (5th Cir. 2000) (Fifth Circuit applied the statute of limitations *sua sponte* to dismiss habeas petition with prejudice where the district court dismissed without prejudice for failure to exhaust); *Anthony v. Quarterman*, No. 3:04-CV-2019-P, 2007 WL 2059729 at *2 (N.D. Tex. July 16, 2007) (court may deny habeas petition on the merits as time-barred despite the failure to exhaust).  In this case, the administration of justice would be better served by bypassing the exhaustion issue and reaching the merits of the claims relating to the 2009 proceedings.

>by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

The Fifth Circuit has held that orders of deferred adjudication probation are final judgments for purposes of AEDPA's statute of limitations. *See Caldwell v. Dretke*, 429 F.3d 521, 528-29 (5th Cir. 2005). Because Petitioner did not appeal the trial court's November 18, 2009 judgment of deferred adjudication, it became final thirty days later, on December 18, 2009. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after the day the trial court enters an appealable order"). The one-year limitations period ended on December 18, 2010. Petitioner filed her § 2254 petition on January 24, 2017, the date that it was mailed.[2] A literal application of § 2244(d)(1)(A) renders the § 2254 petition untimely.

### 2.   *Statutory Tolling*

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2)

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

(emphasis added). Petitioner did not file her state writ application until 2014, several years after the one-year limitations periods had expired in 2010. An application filed in state court after the limitations period has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The § 2254 petition is therefore untimely regarding claims (1) and (3).

      **3.**     *Equitable Tolling*

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner

contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman*, 184 F.3d at 402.

Here, Petitioner presents no argument or evidence that she was prevented from filing her state writ or his federal petition earlier. She has failed to meet her burden to show that she is entitled to equitable tolling of the federal statute of limitations for her claims about the guilty plea proceeding and sentence of deferred adjudication (claims (1) and (3)).

**B.**   **2012 Revocation**

Respondent also argues that the claims that revocation counsel was ineffective at the 2012 revocation proceeding for failure to raise issues relating to the 2009 guilty plea proceeding (claim (2)) are time-barred.

    **1.**   *Calculation of One-Year Period*

Respondent contends that the limitations period for these claims began in 2009 when Petitioner was sentenced to five years of community supervision. These claims arose at the revocation hearing in 2012, during which counsel allegedly failed to raise the issues about the guilty plea proceeding, so the date that the revocation judgment became final is the date on which the limitations period began. Because she did not file a petition for discretionary review with the Court of Criminal Appeals, the judgment became final for purposes of § 2244(d) by the expiration of the thirty-day period for filing a petition for discretionary review after his conviction was affirmed on direct appeal. *See Roberts v. Cockrell*, 319 F.3d 690, 694 n.24 (5th Cir. 2003) (under Tex. R. App. P. 68.2 a party has thirty days to file a petition for discretionary review). The appellate court opinion was issued on December 2, 2013. The thirtieth day after that was January 1, 2014.

8

Petitioner therefore had until January 1, 2015, to file her federal habeas petition, absent any tolling of the statute of limitations.

### 2. *Statutory Tolling*

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas application was signed and deemed mailed on April 22, 2014, and it was denied on October 19, 2016. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). The limitations period was tolled for 912 days while the state application was pending, making her federal petition due no later than July 1, 2017. Petitioner filed her § 2254 petition on January 24, 2017, the date that it was mailed.[3] The § 2254 petition was timely for the claims regarding ineffective assistance of counsel at the revocation hearing (claim (2)).

## IV. EXHAUSTION AND PROCEDURAL BAR

Respondent asserts that Petitioner's claims of ineffective assistance of revocation counsel for failing to (b) file a motion for an adjudication hearing instead of a revocation hearing; (d) file a motion to quash the indictment; (e) ask the court to rescind the deadly weapon finding; and (f) ask for a modification of community supervision in lieu of a revocation, are unexhausted and procedurally barred.

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

9

A. **Exhaustion**

A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b). To exhaust under § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982). In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

In the state habeas application, Petitioner did not raise claims of ineffective assistance of revocation counsel for failing to file a motion for an adjudication hearing instead of a revocation hearing, file a motion to quash the indictment, ask the court to rescind the deadly weapon finding, and ask for a modification of community supervision in lieu of a revocation. (*See* doc. 15-22 at 11-20.) The claims are therefore unexhausted.

B. **Procedural Bar**

Notwithstanding the lack of exhaustion, the claims of ineffective assistance of revocation counsel are also procedurally barred from federal habeas review. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The normal rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies, and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. *Id.* In those cases, the federal procedural default doctrine precludes federal habeas corpus review. *Id.*; *see also Nobles v. Johnson*,

127 F.3d 409, 423 (5th Cir. 1997) (finding unexhausted claim that would be barred by the Texas abuse-of-the-writ doctrine if raised in a successive state habeas petition, to be procedurally barred).

Here, if Petitioner brought her unexhausted claims in a subsequent state habeas corpus application, the Court of Criminal Appeals would consider those claims to be procedurally defaulted as a successive state habeas application under Article 11.07 § 4 of the Texas Code of Criminal Procedure, so her claims are also procedurally barred from federal habeas review. *See Nobles v. Johnson*, 127 F.3d at 423.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his or her defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish

prejudice, a Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, Petitioner must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are insufficient to obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

A. **Investigation**

Petitioner contends that revocation counsel was ineffective for failing to investigate the charges. It is not clear whether Petitioner contends that counsel failed to investigate the original charges or the allegations of violations of the conditions of community supervision.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that particular investigations are unnecessary. *See Moore v. Johnson*, 194 F.3d 586, 616 (5th Cir. 1999). To establish that an attorney was ineffective for failure to investigate, a petitioner must allege with specificity what the investigation would have revealed and how it would have changed the outcome of the trial. *Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005).

Petitioner has not shown what counsel should have discovered through investigation. To the extent that Petitioner claims that counsel should have investigated the original criminal charge of aggravated assault, her claim lacks merit. In Texas, a defendant cannot raise issues related to his guilty plea or deferred adjudication at the hearing to revoke community supervision. *See Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010). Because revocation counsel could not raise issues about the guilty plea proceeding and sentence of deferred adjudication, Petitioner has not shown that revocation counsel was ineffective for failing to discover any such issues.

To the extent that Petitioner claims that revocation counsel failed to investigate the allegations of violations of community supervision, she has not alleged what counsel should have discovered and how that would have affected the outcome. Petitioner has not shown that the state court's rejection of this claim was unreasonable.

**B.   Plea Agreement**

Petitioner contends that revocation counsel failed to inform her about the plea agreement regarding the revocation of community supervision and 10-year sentence.

In the plea agreement, Petitioner's rights were explained to her, and she waived her rights. (*See* doc. 15-1 at 51.) She stated that counsel explained the plea agreement to her, and that her plea of true was knowing and voluntary. (*See id*. at 52; doc. 15-2 at 6.) Petitioner has not overcome the

13

presumption of regularity and "great weight" accorded court records. *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillian v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity"). She has not shown that the state court's rejection of this claim was unreasonable.

## VI.  STATE HABEAS PROCEEDING

Petitioner contends that the state habeas judge was biased and counsel submitted a misleading affidavit in the state habeas proceeding.

Federal habeas relief cannot be had "absent the allegation by a [Petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). The courts entertain federal petitions under § 2254 "only on the ground" that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Courts cannot grant habeas corpus relief to correct alleged errors in state habeas proceedings. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that habeas relief was not available for such alleged errors); *see also Morris v. Cain*, 186 F.3d 581, 585 n. 6 (5th Cir. 1999) ("errors in state postconviction proceedings will not, in and of themselves, entitle a Petitioner to federal habeas relief"); *Hallmark v. Johnson*, 118 F.3d 1073, 1080 (5th Cir. 1997) ( "infirmities in state habeas [and other post-conviction] proceedings do not constitute grounds for relief in federal court"). Because Petitioner complains of alleged errors in the state habeas proceedings, she has not shown that she

14

is entitled to relief on this claim.

## VII. EVIDENTIARY HEARING

Upon review of the pleadings and the proceedings held in state court as reflected in the state court records, an evidentiary hearing appears unnecessary. Petitioner has not shown that she is entitled to an evidentiary hearing.

## VIII. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED**.

**SIGNED on this 24th day of September, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE